620 N.W.2d 646 (2001)
Danita CUTHBERTSON, Plaintiff-Appellee,
v.
SHONEY'S INCORPORATED and Insurance Company of the State of Pennsylvania, Defendants-Appellants.
No. 116697, COA No. 223403.
Supreme Court of Michigan.
January 17, 2001.
On order of the Court, the application for leave to appeal from the March 30, 2000 decision of the Court of Appeals is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we VACATE the order of the Court of Appeals and REMAND this case to the Court of Appeals for plenary consideration. On remand, the Court of Appeals shall address the appropriate standards of administrative and judicial review regarding a decision to set aside a redemption agreement.
MCL 418.837(2); MSA 17.237(837)(2) states:
"The director may, or upon the request of any of the parties to the action shall, review the order of the worker's compensation magistrate [approving or rejecting a redemption agreement] entered under subsection (1). In the event of review by the director and in accordance with such rules as the director may prescribe and after hearing, the director shall enter an order as the director considers just and proper. Any order of the director under this subsection may be appealed to the appellate commission within 15 days after the order is mailed to the parties."
We direct the Court of Appeals to examine this language and consider to what extent it vests discretion in the director when reviewing an order approving or rejecting a redemption agreement. Next, the Court of Appeals shall address what standard governs the WCAC's review of the director's order. Finally, the Court of Appeals shall consider § 837(2) and other relevant authorities in order to ascertain the appropriate standard for judicial review in this context and whether an appellate court reviews the WCAC's decision or the director's decision.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would deny leave to appeal.