**JUVENILE MALE, Appellant,**

v.

**The COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, Appellee.**

**No. 00–10380.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2001

Filed July 9, 2001

G. Anthony Long, San Jose, Saipan, for the appellant.

Barry A. Hirshbein, Assistant Attorney General, Criminal Division, Saipan, for the appellee.

Before: B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

BETTY B. FLETCHER, Circuit Judge:

J.J.C., a minor, was arrested in connection with the stabbing death of Anthony Sablan, Jr. At the time of his arrest, J.J.C. was eight months shy of his eighteenth birthday. The government filed a juvenile delinquency complaint against J.J.C., charging him with conspiracy to commit murder and solicitation to commit murder.[1]

---

1. J.J.C. was concurrently charged as an adult for first degree murder arising out of the same facts as those supporting the conspiracy and solicitation to commit murder charges. The Commonwealth Code requires the automatic transfer to adult court of anyone over the age of 16 accused of "a traffic offense, murder, or rape." 6 CMC § 5103. Following a four day jury trial, J.J.C. was found guilty of first degree murder under 6 CMC § 1101(a) and 6 CMC § 201. He was sen-

Soon thereafter, the government filed a motion to transfer the juvenile proceedings to adult court. The transfer motion was predicated on the Juvenile Justice Division of the Commonwealth Criminal Code, 6 CMC § 5102, which provides "[a]n offender 16 years of age or over may, however, be treated in all respects as an adult if, in the opinion of the court, his or her physical and mental maturity so justifies." A certification hearing was held. At the hearing, the court heard testimony from J.J.C's teacher, a psychologist, a police officer, a social worker, and J.J.C.'s mother. The court orally ordered J.J.C. transferred.

■ Although J.J.C. was subsequently convicted of first degree murder in the adult proceeding and sentenced to 45 years imprisonment, he has not been tried on the conspiracy and solicitation charges as he appealed the transfer order to the CNMI Supreme Court.[2] The CNMI Supreme Court denied his appeal. Claiming due process and double jeopardy violations, J.J.C. appeals to this court. We have jurisdiction pursuant to 48 U.S.C. § 1824(a). We affirm.

## I. Vagueness

■ J.J.C. argues that the 6 CMC § 5102 is unconstitutionally vague as it provides insufficient guidelines or parameters governing its application. In its entirety, § 5102 states:

Juvenile Court: Flexibility of Procedures

In cases involving offenders under the age of 18 years, the court shall adopt a flexible procedure based on the accepted practices of juvenile courts of the United States, including insofar as possible the following measures:

(a) Report by a probation officer in advance of trial;

(b) Detention, where necessary, apart from adult offenders, at least by sight and sound;

(c) Hearing informally in closed session;

(d) Interrogation of parents or guardians and release in their custody if appropriate.

An offender 16 years of age or over may, however, be treated in all respects as an adult if, in the opinion of the court, his or her physical and mental maturity so justifies.

The CNMI court, finding that J.J.C's physical and mental maturity so justified, ordered J.J.C. transferred into adult proceedings. J.J.C. contends that § 5102 is void for vagueness because neither § 5102 nor any other provision of the Juvenile Justice Division of the Criminal Code defines "physical and mental maturity" or sets forth any guidelines for determining whether a minor possesses sufficient physical and mental maturity. We disagree.

As a preliminary matter, "§ 5102 is a procedural, and not a substantive penal, statute, and we have previously indicated that [t]he void-for-vagueness doctrine is probably inapplicable to [a juvenile] transfer provision...." *United States v. David H.*, 29 F.3d 489, 491 (9th Cir.1994). Even assuming, however, that the doctrine is applicable to a juvenile transfer statute, we hold that the CNMI statute is not impermissibly vague. Although the statute vests broad discretionary decision-making power in the transfer judge, it does not fail to identify the procedures to be followed nor fail to generally indicate what factors

tenced to a forty-five year term of imprisonment.

**2.** A juvenile court order transferring a juvenile for trial as an adult is immediately ap-

pealable as a final collateral order. *United States v. Gerald N.*, 900 F.2d 189, 190 (9th Cir.1990).

are to be considered by the transfer court in making its discretionary decision. *See id.*

## II. Due Process

■ Next, J.J.C. argues that the juvenile transfer order issued by the CNMI court does not meet the due process requirements of *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Specifically, he urges that the order fails to meet *Kent's* requirement that a transfer order include an adequate statement of reasons to provide for meaningful appellate review. We find the transfer order sufficient to satisfy the requirements of due process.

■ It is true that *Kent* established minimum due process requirements that are to be afforded minors at juvenile transfer proceedings. *Id.* at 554, 86 S.Ct. 1045. The four basic safeguards are: 1. a hearing; 2. representation by counsel; 3. attorney access to social records on request; and 4. a statement of reasons in support of the waiver or transfer order. *Id.* at 557, 86 S.Ct. 1045; *see also In re Gault,* 387 U.S. 1, 12, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Harris v. Procunier,* 498 F.2d 576 (9th Cir.1974). The adequate statement requirement exists in order to ensure meaningful appellate review of the transfer decision. *Kent,* 383 U.S. at 561, 86 S.Ct.

1045. *Kent* held that the statement must demonstrate that the statutory requirements have been met, that the issue has received careful consideration, and "it must set forth the basis for the order with sufficient specificity to permit meaningful review." *Id.*

■ The CNMI juvenile court's orally stated reasons meet the adequate statement requirement of *Kent.* The court indicated it was influenced by the following factors: the nature of the crime (solicitation and conspiracy to commit murder); the age of the juvenile (nearly 18); the court's own observations with respect to the juvenile's maturity; and the testimony of the juvenile's mother indicating his maturity and independence. The court also indicated that it considered the testimony of a doctor and teacher. *Id.* The transfer court appropriately considered these factors in concluding that J.J.C. was sufficiently physically and mentally mature to justify transfer of his proceedings.[3]

## III. Double Jeopardy

■ Finally, J.J.C. argues that his transfer hearing poses a double jeopardy problem because, he claims, jeopardy attached at his transfer proceeding. We need not make this determination. Even assuming arguendo that jeopardy at-

---

**3.** J.J.C. makes an additional argument based upon *Kent.* Section 5102 states that "in cases involving offenders under the age of 18 years, the court *shall adopt a flexible procedure based on the accepted practices of juvenile courts of the United States,* including insofar as possible the following measures." (emphasis added). J.J.C. also argues that the italicized language incorporates the eight factors discussed in *Kent* into the CNMI statute. This argument is without merit.

*Kent* requires courts to follow minimum due process requirements in the course of juvenile transfer proceedings. As discussed above, due process requires the rights to counsel, to access to records, to adequate notice and to a statement of reasons at a hearing to determine whether a juvenile is to be tried as an adult. *Kent,* 383 U.S. at 561, 86 S.Ct. 1045. Although *Kent* does require courts to consider and make findings based upon the relevant statutory scheme, it does not mandate that any particular factors be considered. The eight factors considered in *Kent* were based upon an interpretation of District of Columbia law. Since the accepted practice of juvenile courts of the United States is to consider the statutorily enumerated factors relevant to a particular jurisdiction, the "adoption" provision of § 5102 does not require the CNMI juvenile court to consider all eight of the *Kent* factors.

tached, because J.J.C. has not yet been tried in adult court, his claim of double jeopardy is not ripe. *See United States v. McKinley*, 38 F.3d 428, 430 (9th Cir.1994) (finding that where a double jeopardy claim focuses on double punishment, it is not ripe for consideration where the one sentence was not yet finalized and the second conviction had not yet occurred).

AFFIRMED.