**William Bedford BROWN, Petitioner,**

v.

**David JAMROG, Respondent.**

**No. 01–CV–70772–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 25, 2002.

---

William Bedford Brown, Riverside Correctional Facility, Ionia, MI, pro se.

Bethany L. Scheib, Esq., Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

*ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, WITH MODIFICATION, AND DISMISSING PLAINTIFF'S HABEAS CORPUS ACTION*

ROSEN, District Judge.

This matter is presently before the Court on the October 31, 2001 Report and Recommendation of United States Magistrate Judge Paul J. Komives recommending that the Court deny Plaintiff's petition for a writ of habeas corpus, and that this case, accordingly, be dismissed. Both Petitioner and Respondent have timely filed Objections to the Report and Recommendation. The Court has reviewed the Magistrate Judge's Report and Recommendation, the parties' Objections thereto, and the Court's file of this action and finds that, although the Court agrees with the Magistrate Judge's ultimate recommendation, some modification of his R & R is required. Therefore, the Court will accept the Report and Recommendation with the following modification.

In Part II(B) of the Report and Recommendation, the Magistrate Judge determined that Petitioner's double jeopardy and ineffective appellate counsel claims (claims IV and V of the habeas petition), which were first presented in the state court in a post-appeal motion for relief from judgment are not barred by Petitioner's procedural default in the state courts.

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law that is independent of the federal question and is adequate to support the judgment. *See Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Simpson v. Jones,* 238 F.3d 399, 407 (6th Cir.2000).

In this case, the Petitioner first presented his double jeopardy and ineffective ap-

pellate counsel claims in his post-appeal motion for relief from judgment. Michigan Court Rule 6.508 governs motions for relief from judgment. M.C.R. 6.508(D) provides, in pertinent part:

> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> (1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300.
>
> (2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision.
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for the failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularity that support the claim for relief. . . .

The state appellate courts denied Petitioner leave to appeal the trial court's denial of his post-judgment motion in standard form orders stating that Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

In *Simpson v. Jones, supra,* the Sixth Circuit held that such standard order language constitutes a clear expression by the state court of procedural default, and as such, bars federal habeas review. 238 F.3d at 407–408. The Magistrate Judge recognized the *Simpson* court's construction of Michigan law and acknowledged this court's obligation to adhere to the Sixth Circuit's holding. However, he found that a recent decision by the Michigan Supreme Court, *People v. Jackson,* 465 Mich. 390, 633 N.W.2d 825 (2001), cast doubt on the Sixth Circuit's *Simpson* interpretation.

In *Jackson,* among the defendant's arguments in a post-judgment motion for relief from judgment, the defendant maintained that he was not required to show good cause for failure to raise his claim regarding improper waiver of jurisdiction by the juvenile division of the probate court in his direct appeal or that he suffered actual prejudice as a result. The Michigan Supreme Court rejected Jackson's argument explaining that

> Pursuant to MCR 6.508(D), "[t]he defendant has the burden of establishing entitlement to the relief requested." The circuit judge's second opinion discussed the merits of the juvenile court waiver issue and found it to be without merit. Accordingly, the defendant failed to establish his entitlement to relief. Thus the defendant has not been deprived of review of the issue by the operation of subrule (D)(3).

The Michigan court appended a footnote at the end of the above-quoted excerpt (footnote 10) which stated:

> Nor does the Court of Appeals citation of the court rule indicate otherwise. The Court of Appeals cited MCR 6.508(D), of which sub-rule (3) is only a part. The Court of Appeals [standard form] order [denying the application for failure to meet the burden of establishing entitlement to relief under MCR 6.508] cited the rule in the context of its statement that the defendant had not met his burden, and did not refer to this as a failure to establish good cause or prejudice.

633 N.W.2d at 834 n. 10 (Oct. 23, 2001 Advance Sheet). The Magistrate Judge

cited footnote 10 in his Report and Recommendation and determined from the language in the footnote that the Michigan Supreme Court now views the language "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)" as indicating a decision by the court on the merits of the claim, rather than an invocation of the procedural bar contained in Rule 6.508(D)(3). Because the purpose of the procedural default doctrine is to respect the state court's application of its own rules, the Magistrate Judge concluded it is the Michigan Supreme Court's interpretation of its own language that controls here, and not *Simpson.*

However, since the Magistrate Judge issued his Report and Recommendation in this case, the State of Michigan moved for rehearing in *Jackson,* specifically asking the Michigan Supreme Court to either delete footnote 10 from its Opinion or, in the alternative, asked the court, when faced with future applications for leave to appeal following a denial of relief under MCR 6.508(D), to specifically indicate which subsection was relied upon in denying the relief. The State explained the reason for its rehearing request:

> The footnote seems to indicate that the Michigan appellate courts' orders that cite MCR 6.508(D) are ambiguous, i.e., the application could have been denied on the merits or it could have been denied on the basis of failure to establish cause and prejudice. Obviously if the order is ambiguous it is not an explained order and the State is deprived of its procedural default defense in all cases in which the above form orders are issued. Such a result puts in jeopardy state convictions that have been litigated in state courts. The practical result to the State is the burden of defending "unexhausted" claims in a federal habeas proceeding and ultimately retrying very old convictions to the detriment of local prosecutors and trial judges as well as the burden to the appellate courts as the defendants seek post-conviction relief a second time.

[*See* Respondent's Objections, Ex. B., p. 7.]

Following the issuance of the Magistrate Judge's Report and Recommendation in the instant action, the State supplemented its motion for rehearing in *Jackson* and pointed out to the Michigan court that Magistrate Judge Komives' interpretation of footnote 10 was even broader than the "ambiguous" construction upon which it had originally based its petition for rehearing:

> ...The federal court for the eastern district has now interpreted footnote 10 even more broadly than the State had feared to mean [i.e.,] that this Court's form orders are not ambiguous, but are necessarily a decision by the Court on the merits of the claims....

> This interpretation completely eviscerates the procedural default defense in habeas proceedings in Michigan because the State cannot rely on a procedural default defense if the last state court addressed the merits. *See Ylst [v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)]. Thus, the State finds itself in the position of defending claims held by the federal court to have been addressed on the merits that may never have had merit review by any state court.

> The impact of footnote 10 goes far beyond just increasing the number of claims that the State will be required to respond to on the merits. It placed the State in the position of defending state court convictions without the benefit of state court review at every level with the accompanying record, review, and analysis....

Finally, the federal court's interpretation of footnote 10 denies the State the advantage of relying on this Court's procedural rulings which there is every reason to believe the Court does apply when appropriate. M.C.R. 6.508(D)(2) and (3).

[*See* Respondent's Objections, Ex. B.]

On November 8, 2001, the Michigan Supreme Court ruled on the State's rehearing Motion, and in lieu of granting rehearing, the Court amended its September 25, 2001 opinion in *Jackson* and *deleted* footnote 10. *See* Respondent's Ex. C.

Footnote 10 in the *Jackson* decision was the only basis upon for the Magistrate Judge's determination that Michigan's form order language, "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)" indicated a decision on the merits rather than an invocation of the procedural aspects of the Rule. Since the Michigan Supreme Court has reconsidered and has now deleted footnote 10 from the *Jackson* decision and there being no other language in *Jackson* or in any other Michigan Supreme Court case to suggest that its standard order language, "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)" is intended to mean anything but a failure to satisfy the procedural aspects of the rule, it is clear to the Court that *Simpson* is still controlling law in this Circuit.

■ Applying *Simpson* to this case, it is clear to the Court that Petitioner Brown's claims of double jeopardy and ineffective assistance of appellate counsel are barred by the procedural default doctrine. In all other respects, however, the Court agrees with the Magistrate Judge's October 31, 2001 Report and Recommendation.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of October 31, 2001 be, and hereby is, adopted by this Court, as modified with respect to Part II(B) of the R & R as set forth herein.

IT IS FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, and for the further reasons set forth herein, Plaintiff's petition for habeas corpus relief be, and hereby is DENIED and the above-captioned case, therefore, is DISMISSED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2243(c), no certificate of appealability should issue for purposes of appeal of this matter.