**Marvin Dwayne DICKENS, Petitioner,**

v.

**Kurt JONES, Respondent.**

**Civil No. 01–CV–70984–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

April 23, 2002.

R. Steven Whalen, Detroit, MI, for petitioner.

Brenda E. Turner, Laura G. Moody, Lansing, MI, for respondent.

## OPINION AND ORDER CONDITIONALLY GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS[1]

TARNOW, District Judge.

Marvin Dwayne Dickens, ("petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed through his attorney, petitioner challenges his conviction of one count of second degree murder, M.C.L.A. 750.317; M.S.A. 28.549, one count of assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; M.S.A. 28.279, and one count of possession of a firearm in the commission of a felony. M.C.L.A. 750.227b; M.S.A. 28.424(2). For the reasons stated below, the Court will conditionally grant a writ of habeas corpus

and will remand the matter to the juvenile division of the Wayne County Probate Court for a hearing to determine whether the probate court should have waived its jurisdiction over petitioner and allowed him to be tried in the Detroit Recorder's Court as an adult.

## I. *Background*

The offenses for which petitioner was convicted of were committed on March 3, 1987 in Detroit, Michigan. Petitioner was only sixteen years old at the time that this offense was committed. Petitioner contends that because he was only sixteen years old when the crimes were committed, the Detroit Recorder's Court lacked jurisdiction to hear his case in the absence of a waiver of jurisdiction from the juvenile division of the Wayne County Probate Court. Petitioner further alleges that his trial counsel was ineffective for failing to request removal of his case to the juvenile division of the probate court upon discovering that petitioner was only sixteen years old at the time that these offenses were committed.

At the beginning of petitioner's bench trial in the Detroit Recorder's Court on July 5, 1988, the assistant prosecutor, Augustus Hutting, informed the trial court in his opening statement that in June of 1987, petitioner was arrested by Detroit Police for a curfew violation because he was under seventeen years of age. (Trial Transcript, hereinafter "T.", 07/05/88, p. 11). Petitioner was convicted of these offenses on July 11, 1988.

Petitioner's conviction was affirmed on direct appeal by the Michigan Court of Appeals. *People v. Dickens,* 121293 (Mich. Ct.App. April 27, 1992). Petitioner failed to appeal this decision to the Michigan Supreme Court.

---

1. Staff Attorney Daniel Besser provided quali-    ty research assistance.

On October 26, 1992, petitioner sent a letter to the trial court, in which he questioned the trial court's jurisdiction to try petitioner as an adult without a waiver from the juvenile court, based on M.C.L.A. 712A.3; M.S.A. 27.3178(598.3). Petitioner also alleged that his trial counsel was ineffective for failing to raise the issue of the trial court's lack of jurisdiction to conduct the trial without a waiver from the juvenile court. The trial court construed the letter as a motion for relief from judgment, and denied the motion on the merits. *People v. Dickens*, 87–05383 (Detroit Recorder's Court, January 7, 1993).

Petitioner thereafter filed a motion for relief from judgment through counsel with the Detroit Recorder's Court, in which he again raised these two issues, as well as several other claims that are not part of this petition. Attached to this motion for relief from judgment was a birth certificate which indicated that petitioner's date of birth was April 5, 1970.[2] The trial court denied petitioner's motion as procedurally flawed and without merit. *People v. Dickens*, 87–05383 (Detroit Recorder's Court, August 3, 1994). The Michigan Court of Appeals denied petitioner's delayed application pursuant to M.C.R. 6.508(D). *People v. Dickens*, 180473 (Mich.Ct.App. February 13, 1995). The Michigan Supreme Court denied leave to appeal, because the they were "not persuaded that the questions presented should be reviewed by this Court." *People v. Dickens*, 450 Mich. 956, 548 N.W.2d 630 (1995).

Petitioner subsequently filed a petition for writ of habeas corpus with this Court, in which he raised the two claims that he raises in the instant petition. On April 3, 1998, Magistrate Judge Donald A. Scheer issued a report and recommendation that

the petition for writ of habeas corpus be dismissed. On May 26, 1998, Judge Barbara K. Hackett issued all parties an order to show cause to address the question of whether the Detroit Recorder's Court had jurisdiction to try petitioner as an adult. Several additional pleadings were filed by the parties in response to this order. A hearing was also conducted on the order to show cause.

On September 11, 1998, Judge Hackett accepted Magistrate Judge Scheer's report and recommendation and dismissed the petition without prejudice. *Dickens v. Stegall*, U.S.D.C. 96–CV–60301–AA (E.D.Mich. September 11, 1998). Judge Hackett dismissed the petition without prejudice, because petitioner had failed to raise the jurisdictional issue that he now raises in his first claim in this petition as a federal constitutional claim in the state courts. Judge Hackett found that this claim was not "patently frivolous or devoid of merit." Judge Hackett noted that at a hearing conducted to determine whether the Detroit Recorder's Court had jurisdiction to hear petitioner's case, it was revealed that the prosecutor informed the trial court in his opening statement that petitioner was a juvenile when he committed these offenses. Judge Hackett found that the trial court was therefore cognizant of petitioner's status as a juvenile at the time of these offenses, and the trial court's "failure to transfer petitioner's case to the juvenile division of the probate court denied the probate court the exercise of its exclusive jurisdiction." *Id.* at *4. Judge Hackett further found that the trial court's failure to transfer the case to the juvenile division represented a deprivation of due process. *Id.*

---

**2.** A copy of this birth certificate was attached to the Petition for Writ of Habeas Corpus as

Appendix A.

Petitioner thereafter filed a second motion for relief from judgment with the Detroit Recorder's Court, in which he raised the jurisdictional claim as a federal issue. The trial court denied petitioner's motion pursuant to M.C.R. 6.508(D)(2), because the issue had already been raised in a prior motion for relief from judgment. The trial court further denied the motion, because petitioner had failed to establish good cause, pursuant to M.C.R. 6.508(D)(3), for failing to raise the issue on direct appeal. *People v. Dickens*, 87–05383 (Wayne County Circuit Court, Criminal Division, May 21, 1999). The Michigan appellate courts denied petitioner's application for leave to appeal pursuant to M.C.R. 6.508(D). *People v. Dickens*, 224555 (Mich.Ct.App. August 21, 2000); *lv. den.* 463 Mich. 952, 622 N.W.2d 789 (2001). Petitioner thereafter filed an application for a writ of habeas corpus on the following grounds:

I. The trial court was without jurisdiction to try and sentence the petitioner as an adult, and the convictions and sentences violate the due process clause of the Fourteenth Amendment, where the petitioner was a juvenile at the time of the offense, and where the trial court was made aware that petitioner was a juvenile at the time of the offense, yet failed to mandatorily remand the case to the juvenile division of the probate court, which, under the statutory scheme in effect [at the time], had exclusive jurisdiction over this case.

II. The petitioner was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel where his trial attorney failed to request removal of this case to the juvenile division of probate court, which had exclusive juris-

diction, as a result of which the petitioner was given a very lengthy adult sentence which the trial court was without jurisdiction to impose.

Respondent argued that petitioner's claims were procedurally defaulted and barred by the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1). On November 16, 2001, this Court denied the respondent's argument that the instant petition was barred by the statute of limitations, finding that the limitations period was equitably tolled during the time that petitioner's first application for writ of habeas corpus was pending before Judge Hackett. The Court further found that the instant claims were not procedurally defaulted for three reasons.[3] The Court first noted that because petitioner was alleging a jurisdictional defect in his first claim, he was not required under Michigan law to satisfy the "cause and prejudice" standard contained in M.C.R. 6.508(D)(3). Secondly, the Court found that in light of the Michigan Supreme Court's comments in *People v. Jackson*, 465 Mich. 390, 633 N.W.2d 825, 834, fn. 10 (2001), this Court could not construe the orders from the Michigan Court of Appeals and the Michigan Supreme Court which denied petitioner relief pursuant to M.C.R. 6508(D) to be a procedural default and not a decision on the merits, where the form orders did not indicate that relief was being denied pursuant to subsection 3 of that rule. Finally, the Court found that appellate counsel was ineffective for failing to raise the two issues contained in this petition on the direct appeal and petitioner had therefore established cause for failing to raise the issues on direct appeal.[4]

---

3. *Dickens v. Jones*, U.S.D.C. 01–CV–70984 (E.D.Mich. November 16, 2001).

4. On November 8, 2001, the Michigan Supreme Court ruled on the State's Motion for Rehearing in *Jackson*, and *in lieu* of granting rehearing, the Supreme Court amended its

The Court ordered petitioner and respondent to submit supplemental briefs which addressed the issue of which remedy, if any, would be appropriate for the alleged constitutional violation in this case. Oral arguments were conducted in this case on April 12, 2002.

## II. *Standard of Review*

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir.1997).

■ A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 412–413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495.

■ Finally, the term "clearly established federal law" refers to the holdings as opposed to the *dicta* of the U.S. Supreme Court's decisions at the time of the relevant state court decisions. *Williams v. Taylor,* 529 U.S. at 412, 120 S.Ct. 1495. With the AEDPA, Congress limited the source of law for federal habeas relief to cases decided by the U.S. Supreme Court. *Herbert v. Billy,* 160 F.3d 1131, 1135 (6th Cir.1998). However, to the extent that lower federal courts have decided factually similar cases, references to these decisions by a federal habeas court is appropriate or relevant in determining whether the state court's application of U.S. Supreme Court law was reasonable or unreasonable. *Haynes v. Burke,* 115 F.Supp.2d 813, 817 (E.D.Mich.2000); *See also Robertson v. Abramajtys,* 144 F.Supp.2d 829, 836, fn. 4 (E.D.Mich.2001).

## III. *Discussion*

In his first claim, petitioner contends that his due process rights were violated under the Fourteenth Amendment when the Detroit Recorder's Court failed to transfer his case to the juvenile division of

---

September 25, 2001 opinion in *Jackson* and deleted footnote 10. *See Brown v. Jamrog,* 183 F.Supp.2d 958, 962 (E.D.Mich.2002). Respondent brought this to the Court's attention at oral argument. Although respondent is correct that the deletion of this footnote has undercut the Court's second reason for find-

ing that the claims presented were not procedurally barred, this does not undermine the Court's decision that petitioner's claims are not procedurally defaulted, in light of the jurisdictional defect reason given by the Court for finding that the claims were not procedurally barred.

the Wayne County Probate Court after being made aware by the prosecutor during opening arguments at petitioner's trial that petitioner was under seventeen years old at the time of the offense. In his second claim, petitioner alleges that his trial counsel was ineffective for failing to request removal of his case to the juvenile division of the probate court upon learning that petitioner was only sixteen years old at the time that these offenses were committed.

■ As a threshold matter, this Court must determine whether, in fact, petitioner was only sixteen years old at the time that these crimes were committed. Petitioner has submitted a birth certificate with his petition which indicates that petitioner's date of birth was April 5, 1970. If this date is accurate, petitioner would only have been sixteen years old at the time of the offense, and as mentioned below, would have been subject to the jurisdiction of the probate court under Michigan law at the time of this offense. Respondent has not contested the fact that petitioner's real birth date was April 5, 1970 or that he was only sixteen years old at the time that the instant offenses were committed, either in his initial answer to this Court, in his supplemental answer, or at oral arguments. When a state's return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations. *Bland v. California Dept. of Corrections,* 20 F.3d 1469, 1474 (9th Cir.1994). Because respondent does not dispute the fact that petitioner was sixteen years old at the time of the commission of this offense, this fact is taken as true by the Court.

Although respondent does not contest the fact that petitioner was only sixteen years old at the time of the commission of this offense, respondent nevertheless contended, both in his supplemental answer and at oral argument, that habeas relief should be denied for several reasons. First, respondent contends that with respect to petitioner's first claim, petitioner raises only an issue involving state law. Secondly, respondent contends that petitioner is unable to establish that had the trial judge transferred the matter to the probate court's juvenile division for a waiver hearing, that the probate judge would have declined to waive jurisdiction and would have instead dismissed the murder charge. Finally, respondent contends that there was evidence that petitioner may have given a false age to the police, thereby inviting error in this case. Respondent contends that by misrepresenting his age to the police, as well as by failing to request that the matter be transferred to the juvenile division of the probate court, petitioner waived any objection to the personal jurisdiction of the Detroit Recorder's Court to try him as an adult.

In his initial answer to the petition for writ of habeas corpus, respondent argued that the petition should be dismissed as being barred by the statute of limitations and further argued that petitioner's claims were procedurally defaulted. Respondent did not raise the argument that petitioner's claims were noncognizable in federal habeas review, nor did respondent raise the argument that petitioner waived the issue of personal jurisdiction by misrepresenting his age and/or failing to object to the trial court having jurisdiction over his case. Respondent did mention briefly that petitioner was unable to establish the prejudice to excuse his procedural default by contending that petitioner would most likely have been waived up to Recorder's Court on his second degree murder charge, in light of the fact that he had previously been waived up to Recorder's

Court on an assault with intent to murder charge.

■ This Court finds that respondent's assertions that petitioner's claims are non-cognizable and waived because of petitioner's alleged misrepresentation or failure to object are themselves waived, because respondent failed to assert these affirmative defenses in his initial answer to the habeas petition. Recently, the Sixth Circuit held that a respondent to a habeas petition waived a statute of limitations defense by failing to raise it in the first responsive pleading. *Scott v. Collins,* 286 F.3d 923, 926 (6th Cir.2002). Other courts have held that respondents have waived a procedural default defense by failing to raise the issue in their response to the habeas petition. *See e.g. Dubria v. Smith,* 224 F.3d 995, 1000–1001 (9th Cir.2000); *Reese v. Nix,* 942 F.2d 1276, 1280 (8th Cir.1991); *Hardaway v. Withrow,* 147 F.Supp.2d 697, 704, fn. 1 (E.D.Mich.2001). The failure by a respondent to a habeas petition to raise other defenses in the answer has also been held to constitute a waiver of that defense. *See e.g. Nwankwo v. Reno,* 819 F.Supp. 1186, 1191–1192 (E.D.N.Y.1993) (government waived defense of failure to effect proper service upon the custodians of deportable aliens, where government did not make any procedural objection in their answer to the habeas petitions). This Court likewise concludes that by failing to raise the argument that petitioner's claims were noncognizable or waived in the initial response, respondent himself has waived these defenses for purposes of this habeas petition.

In addition, on the merits, Judge Hackett found that the state trial court's failure to transfer the matter to the probate court upon learning that petitioner was under

seventeen years old at the time of the offense was a violation of due process.[5] This Court agrees.

At the time of petitioner's trial, M.C.L.A. 712A.2(a)(1); M.S.A. 27.3178(598.2)(a)(1) gave the juvenile division of the probate court "exclusive original jurisdiction" over a child under the age of 17 who was alleged to have violated any state or federal criminal law. M.C.L.A. 712A.3; M.S.A. 27.3178(598.3) stated that if, during the pendency of a criminal charge in district or circuit court, it is ascertained that the defendant is under the age of 17 at the time of the offense, jurisdiction must be immediately transferred, without delay, to the juvenile division of the probate court, which shall hear and dispose of the case in the same manner as if the case had been initiated in the probate court in the first instance. At the time of petitioner's trial, M.C.L.A. 712A.4; M.S.A 27.3178(598.4) provided the sole method for waiving juvenile court jurisdiction over to the circuit court. Before jurisdiction could be waived, the juvenile court judge was required to make a probable cause determination. M.C.L.A. 712A.4(3); M.S.A. 27.3178(598.4)(3). If a probable cause determination is made, M.C.L.A. 712A.4(4); M.S.A. 27.3178(598.4)(4) set forth the criteria that a juvenile court should use to determine whether waiver to circuit court would be in the best interests of the child. Finally, M.C.L.A. 712A.4(7); M.S.A. 27.3178(598.4)(7) required a juvenile court to enter a written order either granting or denying the motion to waive jurisdiction and to state its findings of fact and conclusions of law which support its ruling on the waiver. Most significantly, Michigan's "automatic waiver" statute, which provides

---

**5.** *See Dickens v. Stegall,* U.S.D.C. 96–CV–60301–AA (E.D.Mich. September 11, 1998), attached to this opinion as Appendix A and attached to the Petition for Writ of Habeas Corpus as Exhibit H.

for the automatic waiver to circuit court of juveniles aged 15 to 17 who are charged with certain felonies, including murder, did not go into effect until October 1, 1988, well after the instant offense and trial. M.C.L.A. 600.606; M.S.A. 27A.606.

■■■ In his first claim, petitioner alleges that his due process rights were violated when the state trial court failed to transfer his case to the juvenile division of the probate court after being informed that petitioner was only sixteen years old at the time of the offense. This Court is aware of the fact that in general, "there is no constitutional right to any preferred treatment as a juvenile offender." *Steele v. Withrow*, 157 F.Supp.2d 734, 740 (E.D.Mich.2001) (*quoting Stokes v. Fair*, 581 F.2d 287, 289 (1st Cir.1978)). In most cases, the question of whether a defendant is to be charged as an adult criminal or a juvenile delinquent is one of prosecutorial discretion devoid of most due process guarantees. *Id.* at 740–741. However, when a state by its statute entrusts this determination to the judiciary, as was the case in Michigan at the time of petitioner's offenses and trial, more formal mechanisms to insure fundamental fairness come into play and the statute must be interpreted " 'in the context of constitutional principles relating to due process and the assistance of counsel.' " *Stokes v. Fair*, 581 F.2d at 289 (quoting *Kent v. United States, infra*, at 557, 86 S.Ct. 1045); *Steele*, 157 F.Supp.2d at 741.

■ In *Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the United States Supreme Court held that a hearing to determine whether a juvenile should be tried as an adult is an important stage in the criminal proceedings and thus, "must measure up to the essentials of due process and fair treatment." Courts have indicated that four

basic safeguards must be afforded to minors at juvenile transfer proceedings:

1. a hearing;
2. representation by counsel;
3. attorney access to social records on request; and,
4. a statement of reasons in support of the waiver or transfer order.

*Juvenile Male v. Commonwealth of Northern Mariana Islands*, 255 F.3d 1069, 1072 (9th Cir.2001) (citing to *Kent*, 383 U.S. at 557, 86 S.Ct. 1045; *In Re Gault*, 387 U.S. 1, 12, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)).

The State of Michigan, at the time of petitioner's arrest and conviction, provided the juvenile division of the probate courts with exclusive jurisdiction over a child who was under the age of 17 at the time that the criminal offense was committed. Michigan law further provided that if it was discovered during the pendency of a criminal prosecution in circuit court that the defendant was under 17 years old at the time of the offense's commission, jurisdiction must immediately be transferred to the juvenile court for further proceedings. The law further provided that jurisdiction could be waived by the juvenile court, but only after a hearing in the juvenile court. In the present case, the trial court was made aware that petitioner was under the age of 17 at the time of this offense, but did not transfer the case to the juvenile division of the probate court, even though required to do so by Michigan law.

In *Clark v. Com. of Pa.*, 892 F.2d 1142 (3rd Cir.1989), the Third Circuit, relying in part on the U.S. Supreme Court's holding in *Kent*, held that a state trial court's failure to make a reasonable inquiry into the defendant's age, in order to determine a defendant's eligibility for juvenile certification, violated the defendant's due process rights. In so ruling, the Third Circuit

noted that the trial court's failure to inquire into the defendant's age deprived him of the possibility of being adjudicated as a juvenile. The Third Circuit concluded that as a juvenile, the defendant was entitled to certain safeguards and thus, the trial court was remiss in failing to inquire into the defendant's eligibility for juvenile certification. The likelihood that a defendant would have been certified to be tried as an adult or whether such an adjudication would have benefitted the defendant was not "germane" to determining whether the defendant's due process rights had been violated. *Id.* at 1151. The Third Circuit further held that the trial court's failure to "have exercised sufficient diligence to inquire into whether a hearing was appropriate" would deprive a defendant of his or her due process rights. *Id.*

In *Girtman v. Lockhart,* 942 F.2d 468, 476 (8th Cir.1991), the Eighth Circuit indicated that *Kent* stood for the proposition that a juvenile may not be transferred to an adult court without a hearing or "other protections from judicial arbitrariness." The Eighth Circuit also noted: "[I]f transferring an offender to adult court without a hearing or a statement of reasons violates due process, it logically follows that keeping a juvenile offender in adult court without holding a transfer hearing or making oral or written findings also violates due process." *Girtman,* 942 F.2d at 476. The Eighth Circuit also concluded that trial counsel's failure to raise the issue of the lack of jurisdiction to try the defendant as an adult may also have amounted to ineffective assistance of counsel. *Girtman v. Lockhart,* 942 F.2d at 476–477.

■■■■■■ This Court concludes that the trial court's failure to transfer the matter to the juvenile division of the probate court for a waiver hearing, after having been informed of petitioner's juvenile status at the time of the crime, violated petitioner's

due process rights under the Fourteenth Amendment. The trial court's failure to exercise any diligence in making an inquiry into whether a hearing in juvenile court would be appropriate deprived petitioner of his due process rights. The likelihood that petitioner may have been waived to the Detroit Recorder's Court to be tried as an adult or whether such an adjudication would have benefitted petitioner is not "germane" to determining whether this petitioner's due process rights have been violated. *Clark,* 892 F.2d at 1151. Accordingly, petitioner has established that his rights to due process have been violated.

The question remains what remedy would be appropriate for this constitutional violation. Petitioner's counsel suggests that the most appropriate remedy would be to issue an unconditional writ of habeas corpus and vacate petitioner's conviction. Alternatively, petitioner's counsel suggests that this Court should issue a conditional writ and order that a retrial take place in this case. Although respondent has not suggested any particular remedy, respondent opposes either granting a conditional writ to petitioner or ordering that a new trial take place.

■■■■■■ A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill,* 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *Gall v. Parker,* 231 F.3d 265, 335 (6th Cir.2000). 28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require". In certain circumstances, federal courts have conditioned the issuance of a writ on the state's conducting proceedings narrower than a full retrial. *See Henderson v. Frank,* 155 F.3d 159, 168 (3rd Cir.1998). However, such cases make clear that conditional writs must be tailored to ensure that all constitutional defects will be cured by the satis-

faction of that condition. *Id.* Remedies in habeas cases generally should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. *See Riggs v. Fairman,* 178 F.Supp.2d 1141, 1151 (C.D.Cal.2001) (internal citation omitted).

In the present case, petitioner has not alleged any constitutional violations arising out of his criminal trial, nor does he allege that he is innocent of these crimes. Instead, petitioner alleges that his due process rights were violated because the trial court failed to remand the matter to the juvenile division of the probate court for a hearing to determine whether petitioner should be tried as an adult.

In *Kent v. United States, supra,* the U.S. Supreme Court remanded the defendant's case to the federal district court for a *de novo* hearing on the waiver issue to determine whether the waiver of the defendant from juvenile court to the adult court was appropriate. The Supreme Court indicated that if the district court found that the juvenile waiver were inappropriate, the conviction must be vacated. On the other hand, if the district court found that the waiver were proper, the court could enter the appropriate judgment. *Kent,* 383 U.S. at 564–565, 86 S.Ct. 1045. Significantly, the U.S. Supreme Court rejected the defendant's contention that his conviction should be vacated and the indictment dismissed, finding it inappropriate, in light of the remedy that was being ordered, to "grant this drastic relief". *Id.* at 565, 86 S.Ct. 1045.

██ A number of federal courts, when confronted with issues involving a defective or non-existent waiver of a juvenile defendant to adult court, have granted a writ of habeas corpus, conditioned upon the state affording the petitioner a new waiver or certification hearing within a reasonable amount of time. *See Bromley v. Crisp,* 561 F.2d 1351, 1356–1357 (10th Cir.1977); *Kemplen v. State of Md.,* 428 F.2d 169, 178 (4th Cir.1970); *Inge v. Slayton,* 395 F.Supp. 560, 566–567 (E.D.Va. 1975); *Miller v. Quatsoe,* 332 F.Supp. 1269, 1276–1277 (E.D.Wis.1971); *James v. Cox,* 323 F.Supp. 15, 22 (E.D.Va.1971). This remedy is sufficiently tailored to address the constitutional violation raised by petitioner without unduly infringing upon the State of Michigan's competing interests. If the probate court determines after the juvenile waiver hearing that it would not be in the best interests to have tried petitioner as an adult, petitioner's conviction must be vacated and the criminal charges against him dismissed. On the other hand, if the probate court determines that it was proper to waive petitioner up to Detroit Recorder's Court and try him as an adult for this offense, petitioner's conviction can stand. *Kent v. United States,* 383 U.S. at 564–565, 86 S.Ct. 1045.

Accordingly, this Court will issue a writ of habeas corpus conditioned upon the State of Michigan affording petitioner a juvenile waiver hearing in the juvenile division of the Wayne County Probate Court within one hundred and twenty days of the issuance of the writ. If the probate court determines after this hearing that it was not in the best interests, under Michigan law in effect at the time of petitioner's arrest and trial, that petitioner should have been waived up to adult court, petitioner's conviction must be vacated and the charges dismissed. If the State of Michigan fails to afford petitioner a hearing in the probate court within one hundred and twenty days of the issuance of the writ, or fails to vacate petitioner's conviction if a finding is made by the probate court that it was not in the best interests to try petitioner as an adult, petitioner may ap-

ply for an unconditional writ ordering respondent to release him from custody.

### IV. *ORDER*

IT IS HEREBY ORDERED THAT PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS IS CONDITIONALLY GRANTED. UNLESS THE STATE TAKES ACTION TO AFFORD PETITIONER A WAIVER HEARING IN THE JUVENILE DIVISION OF THE WAYNE COUNTY PROBATE COURT WITHIN ONE HUNDRED AND TWENTY (120) DAYS OF THE DATE OF THIS OPINION, HE MAY APPLY FOR A WRIT ORDERING RESPONDENT TO RELEASE HIM FROM CUSTODY FORTHWITH.

IT IS FURTHER ORDERED THAT IF THE PROBATE COURT DETERMINES THAT PETITIONER SHOULD NOT HAVE BEEN WAIVED TO THE DETROIT RECORDER'S COURT TO BE TRIED AS AN ADULT, PETITIONER'S CONVICTION MUST BE VACATED. IF THE STATE FAILS TO VACATE PETITIONER'S CONVICTION UPON A FINDING BY THE PROBATE COURT THAT PETITIONER SHOULD NOT HAVE BEEN TRIED AS AN ADULT, PETITIONER MAY APPLY FOR A WRIT ORDERING RESPONDENT TO RELEASE HIM FROM CUSTODY.

### APPENDIX "A"

*ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS*

Petitioner Marvin Dwayne Dickens is currently incarcerated at the Macomb Correctional Facility located in New Haven, Michigan. After a bench trial in the Detroit Recorder's Court, petitioner was convicted of second degree murder, assault with intent to do great bodily harm less than murder, and possession of a firearm during commission of a felony. Although petitioner was 16 years old at the time he committed these offenses, he was tried as an adult without the court's first having obtained a waiver from the Juvenile Division of Probate Court for Wayne County, as was required by the law at that time. Petitioner was subsequently sentenced to 40 to 80 years in prison on the second degree murder charge; six to 10 years on the assault charge, to run concurrently; and, two years on the felony firearm charge, to run consecutively.

This matter is now before the court on Dickens' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Dickens raises five claims, including:

(3) Whether, where the trial court file contains conflicting evidence, including substantial evidence that on the date of the crime,—the defendant was a juvenile; where the juvenile court has not waived jurisdiction; the trial court's failure to investigate and resolve the issue before trying, convicting, and sentencing the defendant as an adult violates the defendant's due process right, absent a waiver of jurisdiction, to adjudication before the juvenile court.

The case was referred to the magistrate judge for report and recommendation. The magistrate judge has issued his report and concludes that the instant petition should be dismissed without prejudice for failure to exhaust habeas claim three. The court agrees.

As the magistrate judge's report and recommendation explains, pursuant to 28 U.S.C. § 2254(b) and (c), a state prisoner must exhaust all of his available state court remedies by fairly presenting the

substance of each federal constitutional claim to the state courts before he may raise those claims in a petition for habeas corpus. *Picard v. Connor*, 404 U.S. 270, 277–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir.1987). "Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state system." *Hafley v. Sowders*, 902 F.2d 480, 482 (6th Cir.1990). The petitioner bears the burden of establishing that he has exhausted all state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

A petitioner fairly presents a claim by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied*, 509 U.S. 907, 113 S.Ct. 3001, 125 L.Ed.2d 694 (1993); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987). In other words, "[i]f a habeas petitioner wishes to claim that a . . . ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); *see also Gray v. Netherland*, 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (for purposes of exhausting state remedies, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee," and "it is not enough to make a general appeal to a constitutional guarantee"). In

this case, petitioner undoubtedly failed to raise his jurisdiction claim as a federal due process claim in the state court.

A petition must be dismissed for lack of exhaustion if it contains at least one issue that was not presented to the state court, so long as a remedy is still available for the petitioner to pursue. *Rose v. Lundy*, 455 U.S. 509, 518–20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). There are, however, certain situations in which it is appropriate for a federal court to address the merits of a petition for writ of habeas corpus notwithstanding the failure of the petitioner to exhaust his administrative remedies. For example, if the petitioner clearly does not present a colorable federal constitutional claim, it serves the best interest of the parties for the federal court to address the petition on the merits. *O'Guinn v. Dutton*, 88 F.3d 1409, 1412–13 (6th Cir. 1996) (en banc), *cert. denied*, 519 U.S. 1079, 117 S.Ct. 742, 136 L.Ed.2d 681 (1997). In addition, the Antiterrorism and Effective Death Penalty Act of 1996 confers on district courts the discretion to reach and deny a petition on the merits despite a failure to exhaust, where the claim is patently frivolous or plainly lacks merit. 28 U.S.C. § 2254(b)(2); *see also Lambert v. Blackwell*, 134 F.3d 506, 514 (3d Cir.1997); *Nasr v. Stegall*, 978 F.Supp. 714, 717 (E.D.Mich.1997). Thus, although the district court may deny a petition including an unexhausted claim, no authority exists for the proposition that a court can grant a petition based on an unexhausted claim.[1]

As the magistrate judge determined in his report, petitioner's habeas claim three is neither patently frivolous nor devoid of merit. *See Clark v. Commonwealth of Penn.*, 892 F.2d 1142 (3d Cir.1989), *cert.*

---

1. The court notes that in the case cited by petitioner in his "supplemental memorandum re: exhaustion," habeas corpus was denied.

*See Matlock v. Rose*, 731 F.2d 1236 (6th Cir. 1984), *cert. denied*, 470 U.S. 1050, 105 S.Ct. 1747, 84 L.Ed.2d 812 (1985).

*denied,* 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990) (habeas petition granted where prior convictions were obtained in violation of defendant's due process rights as result of trial court's failure to conduct inquiry to determine defendant's eligibility for juvenile certification, where court had information before it indicating that accused was juvenile at time of alleged offenses). In fact, after reviewing the magistrate judge's report and the parties' objections thereto, this court held an additional hearing to address whether the Recorder's Court had jurisdiction to try petitioner without first obtaining a waiver from the Juvenile Division of Probate Court for Wayne County. At that hearing, it was learned that the prosecutor in the state court case told the judge in his opening statement that petitioner was a juvenile when he committed the charged offenses. Accordingly, the trial court was cognizant of petitioner's status as a juvenile at the time of the crimes, and the court's failure to transfer petitioner's case to the juvenile division of the probate court denied the probate court the exercise of its exclusive jurisdiction. In light of *Clark,* it appears that the "the absence of the opportunity to be eligible for the procedural safeguards provided by the [Michigan] statute represented a deprivation of due process." 892 F.2d at 1152.

However, because this court has no authority to grant a petition based on an unexhausted claim, and because petitioner still has a remedy available to him in the state court,[2] his petition must be dismissed without prejudice for failure to exhaust.

**2.** Petitioner may return to the state court and file yet another motion for relief from judgment, this time raising his claim concerning the failure of the trial court to transfer his case to the juvenile division of the probate court for a waiver hearing as a federal due process claim.

For the reasons stated above,

IT IS ORDERED that the magistrate judge's report and recommendation hereby is ACCEPTED as the findings and conclusions of this court.

IT IS FURTHER ORDERED that Dickens' petition for writ of habeas corpus hereby is DISMISSED WITHOUT PREJUDICE for failure to exhaust his state court remedies.